IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON, MS, DIVISION
*(CERTIFICATE OF SERVICE ON PAGE 7 OF 11)*



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 19 2017
ARTHUR JOHNSTON
BY _____ DEPUTY

UNITED STATES ex rel. RUSSELL K. HILL         PLAINTIFF

v.                                            ACTION No. 3:17cv603WHB-LRA
                                              [JURY TRIAL DEMANDED]

PHIL BRYANT (GOVERNOR OF MISSISSIPPI), AND          DEFENDANT(S)
CHRISTOPHER B. EPPS (FORMER MISSISSIPPI CORRECTIONS COMMISSIONER),
AND PHILIP GUNN (MISSISSIPPI SPEAKER OF THE HOUSE OF REPRESENTATIVES, AND
THE HOUSE OF REPRESENTATIVES FOR THE STATE OF MISSISSIPPI, AND THE
MISSISSIPPI STATE SENATE, AND RONALD KING (SUPERINTENDANT OF CENTRAL
MISSISSIPPI CORRECTIONAL FACILITY ("CMCF")), AND WARDEN BANKS (WARDEN
OF CMCF), AND PELICIA HALL (MISSISSIPPI CORRECTIONS COMMISSIONER), AND
WILLIAM WALLER, JR. (CHIEF JUSTICE OF THE MISSISSIPPI SUPREME COURT),
AND AMERICAN CORRECTIONAL ASSOCIATION A/K/A "ACA", AND MANAGE-
MENT TRAINING CORPORATION A/K/A "MTC", AND CORRECTIONAL CORP-
ORATION OF AMERICA A/K/A "CCA" AND UNKNOWN MEMBERS OF ACA

## JURISDICTION

THE DISTRICT COURT HAS EXPLICIT JURISDICTION TO HEAR THIS UNDER UNITED STATES
CODE ANNOTATED, 31 U.S.C.A § 3729; 31 U.S.C.A § 3730(a) AND (b)

1.) JUDICIAL NOTICE. FOR PURPOSES OF 31 U.S.C.A § 3730(b) AND § 3730(c)(2)(D)(3) THIS
ACTION IS INITIATED AND BROUGHT IN THE NAME OF THE GOVERNMENT OR THE UNITED STATES, AND IT IS

EXR-1 OF 35                    1 OF 11

CONSIDERED BROUGHT FOR PURPOSES OF THE PERSON (Russell K. Hill) AND THE UNITED STATES GOVERNMENT WHEN HILL A CITIZEN-PRISONER DELIVERED THE COMPLAINT TO THE INSTITUTIONAL LEGAL MAIL SYSTEM AT C.M.C.F, VIA PRISON MAIL BOX RULE. U.S. CONST. 1ST AMEND.

2) <u>DISTRICT COURT FILING FEE EXEMPTION.</u> THE CASE HEREIN IS NOT SUBJECT TO A MERIT DETERMINATION ON BEHALF OF HILL (WHO AT THIS TIME IS INDIGENT), UNTIL THE FEDERAL GOVERNMENT REFUSES TO PROSECUTE THE CASE. §3730(b)(4) STATES, "..., THE GOVERNMENT [SHALL]--

(A) PROCEED WITH THE ACTION, IN WHICH CASE THE ACTION [SHALL] BE CONDUCTED BY THE GOVERNMENT; OR

(B) NOTIFY THE COURT THAT IT [DECLINES] TO TAKE OVER THE ACTION IN WHICH CASE THE PERSON BRINGING THE ACTION [SHALL] HAVE THE RIGHT TO CONDUCT THE ACTION.

AT THIS TIME HILL QUALIFIES FOR AN EXEMPTION UNDER §1914, BECAUSE HILL IS INDIGENT AND §3730 DEMANDS THAT "THE ACTION [SHALL] BE BROUGHT IN THE NAME OF THE GOVERNMENT." THIS INDISPUTABLE CONGRESSIONAL DECLARATION CLEARLY SHOWS THE CONGRESSIONAL INTENT THAT THE "PERSON'S" RESPONSIBILITY FOR PROSECUTING THE ACTION IS APPURTENANT TO THAT OF THE FEDERAL GOVERNMENT -- AS IT SHOULD BE. <u>§§ 3730(b) AND (c)</u> SUCH A PREFERENTIAL RULE REQUIRES THAT THE COURT RECIEVE GOVERNMENTAL EVIDENCE BEFORE RECIEVING THAT OF THE PRIVATE PARTY, AND §3730 MAKES NO MENTION OF "FILING THE SUIT", BUT ONLY MENTIONS "BRINGING THE SUIT OR ACTION -- AND THE ACTION IS BROUGHT BY A PRO-SE PRISONER UPON MAILING THE COMPLAINT. (CONGRESS IS PRESUMED TO KNOW THE LAW. <u>§3730(b)(4)(B)</u>

ALSO, THE GOVERNMENT'S STATUTORY PROBABLE CAUSE REVIEW UNDER §3730, TRUMPS THE REQUIRED 28 U.S.C.A §1915A MERIT SCREENING, AND THE EQUITABLE PLEADING STANDARDS SPECIALLY SET UP IN §3730(b) PROHIBIT DISMISSAL OF THE ACTION BY ANY OTHER MEANS PRIOR TO A GOVERNMENT RESPONSE. THUS, EVENTHOUGH HILL IS A PRISONER THE PLRA IS INAPPLICABLE, UNLESS THE GOVERNMENT DECLINES TO PROSECUTE THE ACTION (§3730(b)(4)(B)). ANY OTHER CONSTRUCTION WOULD BE AN UNREASONED DISTINCTION THAT DENIES INDIGENT PRISONERS THE SAME OPPORTUNITIES TO OPEN AND

EQUAL ACCESS TO THE COURTS. COMPARE <u>MAYER v. CITY OF CHICAGO, 404 U.S. 189 (1971)</u>(... INDIGENT MUST HAVE THE SAME OPPORTUNITIES TO INVOKE THE DISCRETION OF THE COURT AS THOSE WHO CAN AFFORD THE COST. <u>U.S. CONST. 14 AMEND.</u>)

ONCE CONGRESS ESTABLISHED THE "SAFETY VALVE" AND "SAVING CLAUSE" UNDER §3730(b)¹, ON BEHALF OF THE PERSON BRINGING THE ACTION AND THE UNITED STATES GOVERNMENT THESE SAFEGUARDS MUST BE KEPT FREE OF UNREASON[ED] DISTICTIONS THAT CAN ONLY IMPEDE OPEN AND EQUAL ACCESS TO THE COURTS. COMPARE <u>MAYER, SUPRA, ID AT 2</u> (ONCE STATES HAVE ESTABLISHED AVENUES OF APPELL- ATE REVIEW, THESE AVENUES MUST BE KEPT FREE OF UNREASONED DISTINCTION THAT CAN IMPEDE OPEN AND EQUAL ACCESS TO THE COURTS.) SEE APPENDIX "B"

FN-1
<u>§3730(b)(1)</u> A PERSON MAY BRING A CIVIL ACTION FOR A VIOLATION OF SECTION 3729 FOR THE PERSON AND FOR THE UNITED STATES GOVERNMENT. THE ACTION SHALL BE [BROUGHT] IN THE NAME OF THE GOVERNMENT. [THE ACTION MAY BE DISMISSED [ONLY] IF THE COURT [AND] THE ATTORNEY GENERAL GIVE WRITTEN CONSENT TO THE DISMISSAL AND THEIR REASONS FOR CONSENTING.]

THE INAPPLICABILITY OF THE PLRA AND THE APPURTENANCE OR SYLLOGISTIC NATURE OF PROSEC- UTION REQUIRE A REDUX TO PRE-PLRA OR ANTECEDENT PRACTICES WHERE THE COURT HAD DISCRET- ION TO GRANT EXEMPTIONS TO PRISONERS FILING IN FORMA PAUPERIS, BECAUSE IFP CASES ARE PROG- RAMS FUNDED BY OR FROM JUDICIAL APPROPRIATIONS, ALSO, IN THIS INSTANCE, HILL IS AN INDIVIDUAL WHO IS ATTEMPTING TO PROVIDE A SERVICE AUTHORIZED BY THE QUASI-CRIMINAL FALSE CLAIMS ACT, 31 U. S.C.A. §3729, SEE <u>THOMPSON v. DRUG ENFORCEMENT ADMINISTRATION, 492 F.3d 428, 431 (D.C. CIR. 2007)</u> (... PRIOR TO THE PLRA, FEDERAL COURTS COULD EXEMPT INDIGENT PRISONERS FROM PAYING FILING FEES.)

FURTHER, §3730(c)(1) DECLARES THAT, "IF THE GOVERNMENT PROCEEDS WITH THE ACTION, IT SHALL HAVE THE [PRIMARY] RESPONSIBILITY FOR PROSECUTING THE ACTION AND [SHALL NOT BE BOUND] BY AN ACT OF THE PERSON BRINGING THE ACTION." SO IT ONLY MAKES SENSE

THAT, UNTIL THE GOVERNMENT DECLINES TO PROSECUTE THE ACTION, THE PERSON BRINGING THE ACTION SHOULD NOT BE BOUND BY AN ACT OF THE GOVERNMENT IN THE ACTION. ONLY, THEN CAN THE PERSON RECIEVE PROPER CONSIDERATIONS OF HIS/HER CLAIM.

EVEN IF THE COURT IS NOT CONVINCED THAT AN EXEMPTION FROM PAYING THE FILING FEE AT THE [T]HRESHOLD IS PREVALENT, § 3730(b)(1) PROHIBITS, AT THE THRESHOLD, ANY INQUIRY BEYOND 28 U.S.C.A. § 1915(a), PRIOR TO A RESPONSE FROM THE FEDERAL GOVERNMENT, AS ANY FURTHER INQUIRY WOULD AMOUNT TO A "DETRIMENTAL RELIANCE" ON § 3730(b)(1) THAT RESULTED IN THE PUNISHMENT OF TAKING, OR INVOLUNTARY SERVITUDE UPON A PERSON, OR IN THIS INSTANCE -- A STRICT LIABILITY ENHANCEMENT IMPOSED UPON A CONVICTED PERSON.

## ADDRESSES OF DEFENDANTS

PHIL BRYANT (GOVERNOR)
P.O. BOX 139
JACKSON, MS. 39205

CHRISTOPHER B. EPPS
(ADDRESS UNKNOWN A
THIS TIME)

PHILLIP GUNN (MS. SPEAKER OF THE HOUSE OF REPRESENTATIVES) RM: 306
P.O. BOX 1018
JACKSON, MS. 39215-1018

MISSISSIPPI HOUSE OF REPRESENTATIVES
POST OFFICE BOX 1018
JACKSON, MS. 39215-1018

MISSISSIPPI STATE SENATE
POST OFFICE BOX 1018
JACKSON, MS. 39215-1018

RONALD KING (SUPERINTENDANT)
C.M.CF
P.O. BOX 88550
PEARL, MS. 39288

WARDEN BANKS
C.M.C.F.
P.O. BOX 88550
PEARL, MS. 39288

PELICIA HALL
CORRECTIONS COMMISSIONER
633 N. STATE STREET
JACKSON, MS. 39205

EXR-4                                4 OF 11

William Waller, Jr.
(Chief Justice)
Mississippi Supreme Court
P.O. Box 249
Jackson, Ms. 39205-0249

ACA
Suite 200
206 N. Washington St.
Alexandria, Va. 25314

Management Training Corp. (MTC)
(General Counsel)
500 North Market Drive
Centerville, Utah 84014

Correctional Corp. of America (CCA)
(Address unknown a this time)

## CLAIM

All the Defendants herein are believed to be members of a Continuing Criminal Enterprise to stagnate the Black Population in Mississippi for reasons related to genocide and to maintain White Voter Strength in Mississippi or White Power (one many votes). The "Black's for White Voter Strength" scheme is a racket with various predicate acts which include the claim herein that, "The above Defendants knew or should have known that Christopher B. Epps was the 102nd President of the ACA, as recognized by the Mississippi Legislature on February 19, 2013. Whether by an overt act or wilfull blindness to the fact that Epps impermissibly wore "two hats" in the creditation process, where documents and reports were submitted to the Federal Government for approval of Federal Funds for various programs.

Epps as ACA's President, inspected his own state and regional facilities and then submitted false reports and false claims to recive benefits in excess of $10,000 annually under Federal programs providing Federal Assistance to the Mississippi Department of Corrections ("MDOC"). The Defendants had full knowledge

EXR-5                                                5 of 11

OF THE CONSPIRACY BY EPPS AND THE ACA TO DEFRAUD THE FEDERAL GOVERNMENT BY SUBMITTING FALSE REPORTS AND FALSE CLAIMS FOR APPROVAL IN VIOLATION OF 31 U.S.C.A. § 3729 (FALSE CLAIMS ACT).

THE THING OF VALUE HERE IS FEDERAL FUNDING, TO WHICH EPPS ALREADY PLEADED GUILTY TO MISAPPROPRIATING. SEE *UNITED STATES v. CHRISTOPHER B. EPPS, 3:14-CR-111 (S.D. MISS FILED 8/5/14)*. HILL FIRMLY ASSERTS THAT EVERY DEFENDANT AND OTHER MEMBERS OF THE CCE CONSPIRED WITH EPPS AND THE ACA TO DEFRAUD THE FEDERAL GOVERNMENT BY SUBMITTING FALSE REPORTS AND FALSE CLAIMS TO ACQUIRE FEDERAL FUNDS, AS WELL AS, HONEST SERVICES FRAUD, ETC., ETC. ALL DEFENDANTS HAD KNOWLEDGE OF THE WRONGS BEING DONE, THEN AND NOW, AND CONTINUE TO AID AND ABET THE CCE, HAVING POWER TO PREVENT OR AID IN PREVENTING THE COMMISSION OF THE SAME, NEGLECT OR REFUSE SO TO DO, AND THEREFORE ARE CULPABLE AND LIABLE HEREIN FOR CONSPIRACY TO DEFRAUD THE FEDERAL GOVERNMENT.

AS CLAIMED IN *RUSSELL K. HILL v. SUPERINTENDANT RONALD KING, 3:17-CV-8 (S.D. MISS)* AND *IN RE RUSSELL K. HILL, NO. 17-60098 (5TH CIR.)*, SINCE SEPTEMBER 13, 2016 I HAVE BEEN HOUSED IN A BUILDING WHERE, IN CAMERA, THE FEDERAL MAIL BOX AND INSTITUTIONAL MAIL BOXES ARE UNSECURED (NO LOCKS), IN VIOLATION OF THE FOURTH AMENDMENT RIGHT TO PRIVACY CONCERNING SENSITIVE DOCUMENTS. COMPARE F.R.CIV.P., 5.2 HOWEVER ON OR ABOUT 2/16/17 ACA INSPECTORS (ONE OF WHICH WAS A WARDEN OF A MISSISSIPPI PENITENTIARY) AND DEPUTY WARDEN SHELBY WALKED THROUGH THE BUILDING DURING A INSPECTION, NEGLECTING TO SECURE THE FEDERAL AND INSTITUTIONAL MAIL BOXES.

HILL REQUEST IMMEDIATE SUSPENSION OF FEDERAL FUNDING TO M.D.O.C., INSPECTION BY FEDERAL OFFICIALS OF ALL MISSISSIPPI PRISON AND UNSPECIFIED MONETARY DAMAGES IN ACCORDANCE WITH § 3730 GUIDELINES. DATE 4/25/17

RESPECTFULLY SUBMITTED
28 U.S.C.A. § 1746
/s/ Russell K. Hill

SWORN AND SUBSCRIBED BEFORE ME THIS 25th DAY OF APRIL, 2017

Jessica Sellers
NOTARY

[Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID # 111216, JESSICA PEARL SELLERS, Commission Expires Jan. 20, 2019, RANKIN COUNTY]

EXR-6

6 OF 11

## CERTIFICATE OF SERVICE

This is to certify that I, the undersigned, have this date as reflected below, caused to be mailed, via United States Postal Service, postage pre-paid, by placing a true and correct copy of the foregoing pleading and/or instrument in the United States mail addressed to the following person(s):

JEFF SESSIONS, U.S. ATTORNEY GEN.
950 PENNSYLVANIA AVE. NW
WASHINGTON, D.C. 20530

WHITE HOUSE COUNSEL
1600 PENNSYLVANIA AVE. NW
WASHINGTON, D.C. 20500

SARAH HUCKABEE SANDERS
1600 PENNSYLVANIA AVE. NW
WASHINGTON, D.C. 20500

(ORIGINAL to →) U.S. DISTRICT COURT
P.O. BOX 23552
JACKSON, MS. 39225

Signed this the 24th day of April, 2017.

_Russell R. Hill_
Signature

L3506
MDOC Number

CMCF (IA+F Bldg./B-Zone)
P.O. Box 88550
Address

Pearl Ms., 39288-8550
Address